FILED

2026 Jul-20  PM 04:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **CITY OF FAIRFIELD,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:25-cv-00477-MHH** |
| | } | |
| **SMOOT INVESTMENTS, INC.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION AND ORDER</u>

The City of Fairfield sued Smoot Investments, Inc. in Jefferson County Circuit Court.  The City asserted claims of slander of title, wrongful foreclosure, conversion, unlawful levy, and a request for injunctive relief concerning the Fairfield Civic Center, located at 6509 E.J. Oliver Boulevard, Fairfield, AL 35064.  After removing the case to federal court, Smoot filed an answer and asserted counterclaims against Fairfield and the Fairfield Civic Center Authority.  (Doc. 3, pp. 6–15).  Smoot seeks declaratory judgment, promissory estoppel, judicial foreclosure, and receivership. (Doc. 3, pp. 6–15).

Smoot has moved for judgment on the pleadings.  (Doc. 14).  Smoot argues that the doctrine of res judicata precludes Fairfield's claims and that Fairfield has failed to state a claim for which relief may be granted.  (Doc. 14).

To resolve Smoot's motion, the Court summarizes the standards district courts use to evaluate motions for judgment on the pleadings. Then, consistent with those standards, the Court describes the relevant facts in the light most favorable to Fairfield. Finally, the Court applies the relevant standards to the facts to determine whether Smoot is entitled to judgment on Fairfield's claims.

***

A judgment on the pleadings is appropriate when "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1297 (11th Cir. 2024) (internal quotation marks and citation omitted). A district court analyzes a Rule 12(c) motion for judgment on the pleadings using the standard that courts apply to resolve Rule 12(b)(6) motions to dismiss. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002) (noting that district courts consider the same question under Rule 12(c) and Rule 12(b)(6), namely "whether the count state[s] a claim for relief"). "For both 12(b)(6) and 12(c) motions [district courts] accept the facts alleged in the complaint as true and view [the alleged facts] in the light most favorable to the plaintiff." *Johnson*, 107 F.4th at 1297; *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

In ruling on 12(b)(6) and 12(c) motions, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine," including "in

2

particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  Pursuant to Rule 201(b) of the Federal Rules of Evidence, a district court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Among the types of evidence that a district court may judicially notice are publicly filed documents in a state court case.  *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811-12 (11th Cir. 2015).

***

The parties' dispute concerns the ownership of the Fairfield Civic Center and Smoot's ability to foreclose upon the property.  The City of Fairfield established the Fairfield Civic Center Authority to operate the Fairfield Civic Center.  (Doc. 3-1, pp. 2-3).  In 2009, Fairfield's then-mayor, Kenneth Coachman, executed a deed on behalf of the City that conveyed the civic center to the Authority.  In 2010, Mayor Coachman, acting on the Authority's behalf, executed a promissory note and mortgage to Regions Bank.  (Doc. 3-3, pp. 1, 6–14).

In 2010, Fairfield sued the Authority in state court.  Fairfield sought a declaration of the parties' rights and obligations regarding the continued operations

3

of the Civic Center.  (Doc. 3-2).[1]  The state court initially found that the transfer

from Fairfield to the Authority was valid and that the Authority owned the property

in fee simple.  (Doc. 3-5).  The state court reasoned that invalidating the transfer

would harm an innocent third party, Regions, which reasonably relied on the

transfer's validity when it issued the mortgage.  (Doc. 3-5, p. 3).  Later that day, the

state court invalidated its initial order and entered a new order that reflected a

settlement between Fairfield and the Authority.  (Doc. 1-1, pp. 12-13).  That order

stated that Fairfield owned the property in fee simple.

In 2011, Regions sued Fairfield and the Authority.  Regions sought damages

and a declaration that the Authority owned the Civic Center.  (Doc. 3-6).  Fairfield

initially participated in the case, but after answering the complaint and moving for

summary judgment, Fairfield disengaged.  Fairfield did not comply with court orders

and failed to participate in discovery.[2]  The state court entered default judgment

against the Authority in 2012 and Fairfield in 2013.  (Doc. 3-8).  The default

judgment against Fairfield states, in relevant part:  "Regions has a valid first priority

security interest in the property located at 6509 E.J. Oliver Boulevard, Fairfield,

Alabama 35064."  (Doc. 3-8, p. 5, ¶ 3(a)).  Following the judgment, Fairfield agreed

---

[1] Regions was not a party to the first state court lawsuit.

[2] The Authority did not appear or answer the complaint in that case. Attorney Barry Walker filed a notice of appearance on behalf of both Fairfield and the Authority but only after the Authority had been defaulted. *See Regions Bank v. City of Fairfield, et al.*, Jefferson Cnty. Cir. Ct., cv-2011-900680.00, Dkt. 116 at 2, n. 1.

to repay the Civic Center mortgage loan over a period of ten years. (Doc. 3-9). The City Council passed – and Mayor Coachman signed – a resolution memorializing this agreement. (Doc. 3-9, p. 2). Pursuant to the Fairfield City Council's resolution, on November 1, 2013, Fairfield and the Authority executed an amended promissory note and mortgage agreement with Regions that set a ten-year repayment schedule with an interest rate of 0.0%. (Doc. 3-10). On December 6, 2024, Regions assigned the note to Smoot. (Doc. 3-3, pp. 3–5, 15–18). The same day, Regions notified Fairfield of the assignment. (Doc. 3-11, pp. 6–7). On January 29, 2025, Smoot sent Fairfield a letter stating that "$425,112.85, plus any accruing fees or expenses, is now due and payable in full and Smoot demands that this amount is paid by February 12, 2025. If not paid by this date, Smoot will proceed with foreclosure on its collateral." (Doc. 1-1, p. 9; Doc. 3-12, p. 3).

On March 10, 2025, Fairfield sued Smoot in Jefferson County Circuit Court to stop the foreclosure sale of the Civic Center. (Doc. 1-1, pp. 1–6, 11). Fairfield alleged theories of slander of title, wrongful foreclosure, conversion, and unlawful levy. (Doc. 1-1, pp. 1–6). Fairfield applied for a temporary restraining order. (Doc. 1-1, p. 1). The state court granted Fairfield's request for a TRO and set a hearing for March 31, 2025. (Doc. 1-1, pp. 14–16).

Smoot removed this case to federal court on March 28, 2025. (Doc. 1). On April 4, 2025, Smoot filed its answer. (Doc. 3, pp. 1–5). Smoot brought a

5

counterclaim against Fairfield and the Authority for breach of contract, open account, account stated, and unjust enrichment.  Smoot seeks declaratory judgment, promissory estoppel, judicial foreclosure, and receivership.  (Doc. 3, pp. 6–15). Fairfield answered the counterclaim on April 30, 2025.  (Doc. 7).  On April 9, 2025, Fairfield moved to amend its complaint.  (Doc. 4).  Smoot opposed the amendment, and the Court denied Fairfield's motion because the proposed amended complaint would have destroyed diversity jurisdiction.  (Doc. 16).

Smoot has moved for judgment on the pleadings based on the doctrine of *res judicata*.  Smoot argues that the final order in the second state court case established that Regions's mortgage lien on the Civic Center was valid.  (Doc. 14).  Smoot argues that this lawsuit is an improper motion for relief from the state court judgment in violation of Fed. R. Civ. P. 60(b).  (Doc. 14, pp. 17–19).  Fairfield argues that Smoot's motion relies on matters outside of the pleadings so that this Court should construe the motion as one for summary judgment.  (Doc. 19, pp. 2, 4).

***

As a preliminary matter, the Court is not persuaded that it must convert Smoot's motion for judgment on the pleadings into a motion for summary judgment. Under Rule 12(d) of the Federal Rules of Civil Procedure, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule

56." Fed. R. Civ. P. 12(d). In considering a 12(b)(6) or 12(c) motion, district courts may take judicial notice without running afoul of Rule 12(d). *Tellabs*, 551 U.S. at 322. Such matters include, but are not limited to, publicly filed documents in a state court case. *Osheroff*, 776 F.3d at 811–12.

Here, Smoot attached to its answer and counterclaims (and relied on in its motion) several exhibits, each of which either is publicly available or readily available to Fairfield; including a special warranty deed between Fairfield and the Authority (Doc. 3-1); Fairfield's complaint in the first state court lawsuit, (Doc. 3-2); the Corporate Resolution to Borrow/Grant Collateral and the promissory note between Fairfield and Regions, (Doc. 3-3); the Authority's request to withdraw its summary judgment motion in the first state court law suit, (Doc. 3-4); the court orders in the first state court lawsuit, (Doc. 3-5); Regions's complaint in the second state court lawsuit, (Doc. 3-6); Regions's Motion to Strike and Motion for Entry of Judgment in the second state court lawsuit, (Doc. 3-7); the Court's orders in the second state court lawsuit, (Doc. 3-8); resolutions between Fairfield and Regions to modify the loan agreements, (Doc. 3-9); the loan modification documents, (Doc. 3-10); Regions's assignment of the loan to Smoot and accompanying notice documents, (Doc. 3-11); and Smoot's acceleration of the loan notices to the Authority. (Doc. 3-12).

7

Smoot's acceleration letter was attached to the complaint in this matter, so the Court may consider the letter; (Doc. 1-1, pp. 9–10; Doc. 3-12), and the Court may take judicial notice of the exhibits that are public filings in the state court cases. *See Osheroff*, 776 F.3d at 811–12. Docs. 3-1 and 3-9 are public records. The special warranty deed, (Doc. 3-1), was filed in state probate court, and Doc. 3-9 is a Fairfield City Council resolution. That leaves the promissory note (Doc. 3-3), the amended promissory note (Doc. 3-10), and the assignment to Smoot (Doc. 3-11). Fairfield incorporated these documents into the complaint by reference.

"[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). In the complaint, Fairfield cites the mortgage and promissory note, stating: "The Defendant's interest in said property is derived from an assignment of the executed promissory note and mortgage between Regions Bank and the Fairfield Civic Center Authority." (Doc. 1-1, pp. 2–3, ¶ 6). While Fairfield contests the enforceability of the promissory note, mortgage, and assignment, these documents are central to Fairfield's claim that Smoot does not have a property interest. Indeed, a finding for

8

Fairfield would require the Court to determine that one or all of the documents are invalid. On this record, the Court may consider the documents attached to Smoot's answer and cited in Smoot's motion for judgment on the pleadings without converting the motion into one for summary judgment.

Turning, then, to the doctrine of *res judicata* or claim preclusion, to decide whether to give preclusive effect to an earlier state court decision, a federal court must apply the *res judicata* principles of the state court that rendered the earlier decision. *Kizzire v. Baptist Health System, Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006). Because Smoot contends that an Alabama state court judgment bars this action, Alabama's *res judicata* principles apply. In Alabama, *res judicata* bars claims that "have been adjudicated or could have been adjudicated in the prior action." *Ex parte Chestnut*, 208 So. 3d 624, 635 (Ala. 2016). "The elements of *res judicata* are '(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions.'" *Ex parte Chestnut*, 208 So. 3d at 635 (citing *Chapman Nursing Home, Inc. v. McDonald*, 985 So. 2d 914, 919 (Ala. 2007); *Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 636 (Ala. 1998)).

Smoot contends that the default judgment in the second state court case, holding that Regions had a valid, first priority interest in the Civic Center, constitutes a prior judgment on the merits. The Alabama Supreme Court has given preclusive

effect to default judgments, finding that the party against whom default is entered may not relitigate a defaulted claim in a subsequent case. *McDonald v. U.S. Die Casting & Development Co.*, 628 So. 2d 433, 434 (Ala. 1993). A judge in this district applied Alabama principles of *res judicata* to find that a default judgment constitutes a prior judgment on the merits. *Watkins v. Lanier Lakes Homeowners Ass'n, Inc.*, No. 5:23-CV-1266-LCB, 2025 WL 2394342 at *3 (N.D. Ala. Aug. 18, 2025) (citing *Phillips v. Montoya*, 253 So. 3d 438, 441 (Ala Civ. App. 2017)) (in turn citing *McDonald*, 628 So. 2d at 433-34). Thus, for *res judicata* purposes, the default judgment rendered in the second state court lawsuit constitutes a prior judgment on the merits.

The Circuit Court of Jefferson County is a "court of competent jurisdiction" to decide a property dispute in Jefferson County, and the parties in the second state court action and this action are functionally identical. "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies." *Burdeshaw v. White*, 585 So. 2d 842 (Ala. 1991) (internal quotations omitted) (quoting *Parklane Hosiery Co. v. Shore,* 439 U.S. 322 (1979)). "As a general rule, an assignee stands in the shoes of the assignor…" *Ocwen Loan Servicing, LLC v. Washington*, 939 So. 2d 6, 9 (Ala. 2006). In the second state court action, Regions sued Fairfield. Here, Fairfield sues Smoot but only because Regions assigned the mortgage – and all its legal rights pursuant to the

mortgage agreement – to Smoot. (Doc. 3-11). Therefore, because Smoot is standing in Regions's shoes, the "substantial identity" prong is satisfied.

With respect to the causes of action in the lawsuits, the Alabama Supreme Court has held that "[t]he question is whether the same evidence substantially supports both actions." *Hughes v. Martin*, 533 So. 2d 188, 191 (Ala. 1988). When the same evidence applies in both actions, the actions are the same for purposes of *res judicata*. *Hughes*, 533 So. 2d at 191 (citing *Gulf American Fire & Casualty Co. v. Johnson*, 209 So. 2d 212 (Ala. 1968)). Stated differently, "[r]es judicata applies not only to the *exact legal theories* advanced in the prior case, but to *all legal theories and claims* arising out of the same nucleus of operative facts." *Old Republic Ins. Co. v. Lanier*, 790 So. 2d 922, 928 (Ala. 2000) (emphasis in *Old Republic*) (quoting *Sinkfield v. Wesch*, 510 U.S. 1046 (1994)). In this case, Fairfield asserts claims for slander of title, wrongful foreclosure, conversion, and unlawful levy, and Fairfield requests injunctive relief. These claims rest on Fairfield's allegations that (1) the 2009 deed granting ownership from Fairfield to the Authority is invalid; (2) Fairfield owns the Civic Center; and thus (3) the mortgage between the Authority and Regions (now Smoot) is unenforceable. Each of those factual allegations was at issue in the second state court case.

So were Fairfield's legal theories. In its complaint, Fairfield cites one statute, Alabama Code § 6-10-10, to support the proposition that the sale of municipal

property is illegal.  (Doc. 1-1, ¶ 13).[3]  Fairfield also asserts that the Civic Center "is exclusively owned by…Fairfield and *not* the…Authority,"  (Doc. 1-1, ¶ 6),  and that "Fairfield has not duly executed a note or mortgage with Regions Bank for which [Smoot] can assert any rights to the City's real property by way of their assignment of the mortgage from Regions."  (Doc. 1-1, ¶ 6) (italics in original).  These allegations are at odds with the second state court's ruling.  Baked into these allegations are arguments that the deed from Fairfield to the Authority was invalid in the first instance.  Fairfield argued as much in the second state court case.  *See Regions Bank v. City of Fairfield, et al.*, Jefferson Cnty. Cir. Ct., cv-2011-900680.00, Dkt. 75, pp. 8-12.  Because Fairfield defaulted, the state court did not reach the merits of the arguments, but Fairfield had a full and fair opportunity to litigate these theories and forfeited the arguments by failing to comply with state court orders and the Alabama Rules of Civil Procedure.

Furthermore, the claims here and the claims in the second state court case involve the same nucleus of operative fact.  The claims in both cases center on the validity of the deed and the enforceability of the mortgage.  Evidence of events that occurred roughly 15 years ago—the deed and subsequent mortgage—was the

---

[3] In its response to Smoot's motion for judgment on the pleadings, Fairfield also argues that "Alabama law strictly limits the encumbrance of public property." (Doc. 19, p. 5) (citing Ala. Const. art. IV, § 94; Ala. Code. § 11-47-20). Fairfield did not raise this argument in its complaint and may not amend the complaint through the briefing on the motion for judgment on the pleadings. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

operative evidence in the second state court action and is the operative evidence in this action.  A ruling in Fairfield's favor would require the Court to depart from the ruling in the second state court case while relying on the same evidence.  Because these claims were litigated and because an action determining the ownership of the Civic Center would presumably require Fairfield to raise these claims, the Court concludes that the same causes of action were presented in both cases.

In sum, Fairfield opted to stop litigating the second state court case after advancing the arguments Fairfield advances here. The state court entered default judgment in favor of Regions on its claim that it had a valid mortgage with a first priority security interest in the Civic Center.  More than 13 years later, following an acceleration letter from Smoot, Fairfield asks this Court for relief that would necessarily require the Court to contradict the judgment in the second state court case.  The doctrine of *res judicata* bars such action.

Therefore, the Court grants Smoot's motion for judgment on the pleadings (Doc. 14).  The Clerk of Court shall please TERM Doc. 14.  Within 14 days of the entry of this order, the parties must meet and confer pursuant to Fed. Rule Civ. P. 26(f) and file a joint report of their planning meeting concerning Smoot's counterclaims, the remaining claims in this action.

**DONE** and **ORDERED** this July 20, 2026.

_Madeline H. Haikala_

13

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE